## GEORGE BANTA

### *v.*

### BENJAMIN H. BROWN and wife.

A public sale was set aside, where, owing to a misunderstanding between the counsel of a mortgagor and the counsel of a bidder who would have offered $1,800 therefor, lands worth $2,500, were sold for about $1,400.

---

Bill to foreclose. Motion on behalf of mortgagor to set aside sheriff's sale. On petition and affidavits.

*Mr. H. S. Drury*, for petitioner.

*Mr. J. W. Griggs*, for purchaser.

Banta *v.* Brown.

THE CHANCELLOR.

The property brought, at the sheriff's sale, $1,040. It was sold subject to taxes and interest thereon to the amount of about $400. Mr. Drury swears that he considers it worth $4,000. The sheriff swears that it is not worth, under the most favorable circumstances, more than $2,500, and the under-sheriff that, under the most favorable circumstances, it would not bring more than that sum. It evidently brought not more than half its value. William D. Demarest was present at the sale, with his counsel, to buy the property. He would have bid for it $1,400, subject to the taxes. Through his counsel he bid $1,030, and ceased bidding because of the statement made to him by his counsel that the property would be bid up to $2,000 on account of the petitioner. His counsel gives the reason for that statement. He says that immediately before the sale he informed the complainant's solicitor that Demarest had made an arrangement with the complainant for the latter to take a mortgage on the property for the amount due on the decree under which the property was sold, if Demarest should become the purchaser at the sale; and that he told the solicitor that Demarest would buy the property, and thereupon the solicitor said that it would be of no use for Demarest to attempt to purchase, as there were present several persons in the interest of the petitioner who intended to buy the property for him, even though they might be compelled to bid it up to $2,000 to do so.

The complainant's solicitor denies that he said this, but says that he told Demarest's counsel that one Barney Sisco was there, and had told him that "if everything was all right he intended to buy the property in for the petitioner at the amount of the complainant's decree." Demarest's counsel (who swears positively) must then have misunderstood what was said to him. He acted in good faith, however, and appears to have acted on his understanding of the conversation in the advice which he gave Demarest, and on which the latter acted in ceasing to bid, as otherwise he

would not have done.  It is proved that Demarest ceased bidding because he understood that the property was to be bought for the petitioner unless it should sell for more than $2,000, and his misunderstanding arose from what his counsel understood the complainant's solicitor to say.  The petitioner's property was thus sold for about $400 less than Demarest would have bid for it.  The purchaser is chargeable with no fraud or evil practice in the matter, but through the misapprehension of Demarest, arising from what his counsel testifies was said by the complainant's solicitor, she was enabled to obtain the property at a price at least $400 below the amount which it would otherwise have brought. This misapprehension is, under the circumstances, ground for setting aside the sale.  *Lefevre* v. *Laraway, 22 Barb. 167; Rorer on Jud. Sales* §§ *406, 421.*

Demarest swears that he considers the property cheap at $1,750, and that he is willing to bid, on a resale, $1,400, which, with the taxes, will make at least that sum.  If he will give a sufficient undertaking to bid $1,400 for the property at the resale, the sale will be set aside on terms of paying to the purchaser interest on any money she may have paid to the sheriff on account of her purchase (which money is, of course, to be returned to her), and her costs of this application.